TALLMAN, Circuit Judge,
concurring in part, dissenting in part:
I agree with the majority’s analysis regarding ProShipLine, and concur in the opinion affirming the vacatur of attachment against that company. However, I disagree that the writ of attachment was appropriate as to EP-Team, and as to that portion of the court’s opinion, I respectfully dissent.
I would hold that Judge Franklin D. Burgess did not err under Rule E by vacating the Rule B writ of attachment against EP-Team. Because our jurisprudence interpreting Rule E vacatur is in its infancy, we have rarely had the opportunity to address when vacatur is appropriate. In Equatorial Marine Fuel Management Services Pte Ltd. v. MISC Berhad, 591 F.3d 1208, 1209-10 (9th Cir.2010), we upheld vacatur because the plaintiff failed to show a need for attaching the defendant’s property. There we explained that Rule B attachment of a defendant’s property is appropriate if: “(1) plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment.” Id. (citing Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir.2006); Fed.R.Civ.P., Supp. R. B)). We concluded that a court may order vacatur of that attachment under Supplemental Rule E(4)(f) if the “plaintiff failed to meet one of the four conditions for attachment.” Equatorial Marine Fuel, 591 F.3d at 1209-10 (citing Aqua Stoli Shipping, 460 F.3d at 445).
However, we did not discuss any other instance where vacatur might be an appropriate remedy. Prior to the promulgation of Rule E(4)(f), we opined on the underlying reasons for granting pre-judgment attachment. We looked to Supreme Court precedent, which informed us that “[t]he process of foreign attachment ... has two purposes: to secure a respondent’s appearance and to assure satisfaction in case the suit is successful.” Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d 627, 636 (9th Cir.1982) (quoting Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A., 339 U.S. 684, 693, 70 S.Ct. 861, 94 L.Ed. 1206 (1950) (citation omitted)). From this we gleaned that the first purpose of attachment is met by “obtaining] jurisdiction over the respondents in personam through their property.” J. Lauritzen A/S v. Dashwood Shipping, Ltd., 65 F.3d 139, 141 (9th Cir.1995) (citing Polar Shipping Ltd., 680 F.2d at 636-37).
Since obtaining in personam jurisdiction is a principal justification for authorizing a prejudgment writ of attachment, it follows that if the plaintiff can secure such jurisdiction over the defendant by some other means, then there is no need to attach property. Therefore, it seems reasonable that vacatur is appropriate if in personam jurisdiction is available over all parties in another court. This is what the Second Circuit held in Aqua Stoli Shipping. Our sister circuit logically explained that, even respecting the time-honored special proceedings applicable to maritime law, there are instances where courts should permit equitable vacatur. The Second Circuit was “persuaded that vacatur may be warranted when the defendant can show that *693 it would be subject to in personam jurisdiction in another jurisdiction convenient to the plaintiff.” Aqua Stoli Shipping, 460 F.3d at 445. The court continued: “[a] maritime attachment would likewise be properly vacated if the plaintiff and defendant are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant’s assets.” Id. at 444-45.
Here, my colleagues recognize that ProShipLine and Aspen are subject to in personam jurisdiction in the Southern District of Texas. However, the court’s opinion concludes that there is a dearth of evidence in the record to support a finding that the Southern District of Texas would have jurisdiction over EP-Team. This, it says, requires that we reinstate the writ as to EP-Team only.
It does not follow that we should affirm the district court’s grant of vacatur as to ProShipLine and not as to EP-Team. EP-Team is “present in the same district [as defendant Aspen] and would be subject to jurisdiction there.” Id. at 444^45. That district is the Southern District of Texas. The reason is simple. EP-Team acceded to in personam jurisdiction there by choosing to file the underlying lawsuit against Aspen within that district, and counsel conceded jurisdiction there at oral argument. It is a basic tenet of personal jurisdiction jurisprudence that one subjects himself to the jurisdiction of the court where he brings suit. Cf. 28 U.S.C. § 1404(a) (not requiring sufficient minimum contacts over plaintiff for transfer to be appropriate); In re Genentech, Inc., 566 F.3d 1338, 1346 (Fed.Cir.2009) (“There is no requirement ... that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint.”); FTC v. Watson Pharms., Inc., 611 F.Supp.2d 1081, 1090 (C.D.Cal.2009) (“[T]here is no need to enter into an analysis of minimum contacts between the State of California and Georgia, because it is not necessary for the transferee forum to have personal jurisdiction over the plaintiff.”) (citing Murray v. Scott, 176 F.Supp.2d 1249, 1255 (M.D.Ala.2001) (same)).
EP-Team’s consent to jurisdiction was not merely some “allegation” that it was subject to suit in that district. It willingly availed itself of the process and power of that court by choosing to file its complaint against Aspen there. It should not now be permitted to claim that it is not “present” in the Southern District of Texas when it initiated the underlying claim in this case in that very court.
Because the record strongly suggests that maritime attachments are being employed by ProShipLine and EP-Team for the vexatious purpose of harassing Aspen in order to gain tactical advantage in the pending commercial disputes among the parties in Singapore and Houston, the district court did not abuse its discretion in vacating the writs. Equity should not countenance such litigation tactics even in a maritime case.
Therefore, I would hold that vacatur was appropriate as to both ProShipLine and EP-Team.